**UNITED STATES, Appellee,**

v.

**Specialist Four Kenneth A. ANSLEY, SSN 078–52–0640, United States Army, Appellant.**

**CM 443660.**

U.S. Army Court of Military Review.

7 June 1983.

Major Robert C. Rhodes, JAGC, Captain Michael T. Kelly, JAGC, and Captain Peter L. Yee, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Eugene R. Milhizer, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Judge:

The appellant pleaded guilty to and was convicted of one specification each of wrongful possession and distribution of 61.-35 grams of marijuana, one specification each of wrongful possession and distribution of .823 grams of cocaine, one specification of possession of a quantity of marijuana in excess of 30 grams with intent to distribute, and one specification of receiving stolen government property. The convening authority approved the adjudged sentence of reduction to Private E–1, forfeiture of all pay and allowances, confinement for two years and dishonorable discharge. The issue that concerns us is whether the possession of marijuana and cocaine specifications are multiplicious for findings with the distribution specifications involving the same two substances respectively.

On 26 October 1982, an undercover law enforcement agent went to the appellant's home in order to buy marijuana. Once there, he was given 17 separate bags of marijuana by the appellant in exchange for $170. The 17 bags contained the 61.35 grams of marijuana that the appellant was convicted of possessing and distributing. After making the marijuana purchase, the agent inquired into the possibility of purchasing some cocaine. He was told the

appellant did not handle cocaine, but that nonetheless a sale might could be arranged. The agent returned on 28 October 1982 and the appellant sold him the .823 grams of cocaine that he was convicted of possessing and distributing. The military judge ruled that the separate charges of possession and distribution arising from the two sales were multiplicious for sentencing.

Based upon our understanding of the particular facts of this case, we agree with the appellant that the two separate specifications dealing with the .823 grams of cocaine were multiplicious. We find that the possession and distribution of that cocaine was one integrated transaction comprising the contemporaneous possession and distribution of the same controlled substance. We will therefore set aside and dismiss the specification charging wrongful possession of .823 grams of cocaine.

With respect to the two separate specifications charging possession and distribution of 61.35 grams of marijuana, the facts are less developed. The appellant was content to plead guilty to both specifications and we are satisfied his pleas were provident. The evidence of record concerning the possession and distribution of this amount of marijuana does not establish a situation similar to that as occurred with the .823 grams of cocaine which the appellant obtained and distributed to the undercover agent on order. For example, the record does not tell us whether the 61.35 grams was a part of a larger cache which the appellant possessed for the purpose of future sales. *See United States v. Chisholm,* 10 M.J. 795 (A.F.C.M.R.1981) (possession of remainder of cache not multiplicious with offense of transfer of smaller portion). The facts and circumstances developed in the record do tell us that the appellant was a dealer in marijuana and that on 26 October 1982, for an agreed upon price, he sold an undercover agent 61.35 grams of that substance which he possessed in his home. The marijuana was present at the home before the agent arrived and the sale occurred as a result of a prior contact by the agent who was taken to the home by a suspect in another drug case. Accordingly, we are not disposed to change the record of the appellant's established criminal conduct by dismissal of any other of the charges of which he has been convicted.

The finding of guilty of Specification 5 of Charge II is set aside and Specification 5, Charge II is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

Senior Judge MELNICK and Judge LEWIS concur.